# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KING/MOROCCO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-8957** |
| **MATT BOWERS NISSAN** | **SECTION: "H"** |

## ORDER

Before the Court is an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court has deemed a Motion to Reconsider Pauper Status (Doc. 12). This is the third time Plaintiff has sought permission from the Court to proceed *in forma pauperis*. The Court is construing this third application as a Motion to Reconsider its order of May 30, 2019 (Doc. 10). In that order, this Court ruled that Plaintiff is not entitled to proceed *in forma pauperis* in this litigation for the reasons stated in Judge Karen Roby's order of October 5, 2018 (Doc. 5).

In the October 5, 2018 order, Judge Roby wrote that the plaintiff's application to proceed without prepaying fees or costs was not properly signed. She noted that instead of a signature the following had been handwritten: "Status: Sovereign. I Affirm Autograph: The King/Morocco." Based on an attachment to the complaint, Judge Roby gleaned that "The King/Morocco" appears to be an alias of Myron G. Simms, Jr. She ruled as follows:

> At this time, the Court cannot determine whether plaintiff is entitled to proceed without prepayment of costs because the declaration in which the plaintiff is to declare under penalty of perjury his income, assets, expenses, and debts is signed with only

1

a title, which may be an alias, but without any explanation of whether it is. Without a properly signed declaration, the Court cannot determine whether the facts asserted in the declaration are credible.[1]

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[2] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[3]

In his latest application to proceed in forma pauperis, Plaintiff has again failed to properly sign the document. Instead, the following is again handwritten in the space for his signature: "Status: Sovereign. I Affirm Autograph: The King/Morocco." Plaintiff has failed to explain this and has provided no basis for reversing the Court's prior orders denying him permission to proceed *in forma pauperis.*

For the foregoing reasons, Plaintiff's Motion to Reconsider Pauper Status (Doc. 12) is **DENIED**.

New Orleans, Louisiana this 9th day of July, 2019.

---

[1] Doc. 10 (footnote omitted).
[2] *See* Fed. R. Civ. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018) (applying the Rule 54(b) standard to a motion to reconsider an interlocutory order); Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (same). *See also* Int'l Corrugated & Packing Supplies, Inc. v. Lear Corp., 694 F. App'x 364, 366 (5th Cir. 2017) (holding that a district court abused its discretion in applying the Rule 59(e) standard when reviewing an interlocutory order pursuant to Rule 54(b)).
[3] *Austin*, 864 F.3d at 336 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**